## In re Gianoplos

*Morton Fromm*, for petitioner.

BROWN, *P.J.*, July 26, 1979—The court has been requested to appoint Nicholas Gianoplos to a vacancy on council for the Borough of Renovo. At the present time, the council has nine authorized offices. Because of resignations there are currently only four members holding office. Three of the five vacancies derive from the west ward of the borough in which Mr. Gianoplos resides, and it is to one of these seats which he seeks appointment. At the present time he holds both the Democratic and Republican nominations for one of the vacancies and he will appear on the November, 1979, ballot in that posture.

Mr. Gianoplos has presented his petition under the provisions of the Act of February 1, 1966, P.L. (1965) 1656, sec. 901, 53 P.S. §45901. Accompanying his petition pursuant to the aforesaid statute are the signatures of five electors of the borough requesting his appointment to council.

The statute under which the petition has been filed permits the court to fill a vacancy on borough council if such a vacancy has not been filled by the remaining members of council within 30 days after its occurrence. As petitioner has acknowledged, the statute upon which he relies was repealed in 1978 by the amendment of June 15, 1978, P.L. 473, sec. 2, 53 P.S. §45901. The aforesaid amendment was effective August 15, 1978, and as a result thereof, the powers of the judiciary to fill vacancies on borough council were somewhat circumscribed. Under the current statute vacancies on council are to be filled by the remaining members of council within 30 days of the vacancy. In default of such action, the vacancy is to be filled by a vacancy board within 15 additional days. If the vacancy board fails to fill the vacancy, then the chairman of the vacancy board may petition the court to fill the vacancy.

Under the 1978 amendment, the vacancy board consists of the borough council and one registered elector of the borough who is appointed by council. The registered elector appointed by council serves as chairman of the vacancy board and is to be elected by council at each reorganizational meeting. Pursuant to the Act of December 14, 1967, P.L. 725, sec. 1, as amended, 53 P.S. §46001, a borough council must hold an organizational meeting on the first Monday of January of each even numbered year. Presumably an organizational meeting under

section 46001 is the equivalent of a reorganizational meeting under section 45901.

The present situation presents several difficulties. Initially, borough council has not filled any of the three west ward vacancies within the required 30 days. Second, a vacancy board chairman has not been appointed and thus none of these vacancies have been filled by the board. This leaves but one alternative to fill the vacancies, and that is by the presentation of a petition to the court by the chairman of the vacancy board. Since this position has not been filled, such a petition cannot be filed and the borough is without a means of filling the office sought by petitioner.

As petitioner has correctly noted, part of this dilemma has been created by the legislature in its enactment of the 1978 Act. That act which created the position of vacancy board chairman did not provide for the position to be filled until the first Monday of January in 1980. With the act becoming effective on August 15, 1978, the legislature thus provided for a built in hiatus of over sixteen months when it was impossible to petition the court to fill a vacancy because such a petition could only be filed by the chairman of the vacancy board.

For this reason, petitioner argues that the legislature did not intend such an absurd result, and that the court should in effect ignore the 1978 amendment and appoint him to council under the provisions of section 45901 as it existed prior to August 15, 1978. While this approach has some appeal, to adopt it would be to place the court in the position of rewriting and overruling existing legislation. Despite the patent shortcomings of the 1978 Act, it does manifest a clear legislative intent to diminish the judiciary's function in filling vacancies in bor-

ough offices, and to this end the concepts of a vacancy board and a vacancy board chairman were created. To revert back to the pre-August 15, 1978, procedure of filling such vacancies on the signatures of five electors of the borough necessarily involves a frustration of the legislature's intent to abolish such a practice and at the same time constitutes an incursion by the judiciary on the legislative function. Basic concepts of separation of powers prohibit such judicial liberties when dealing with a statute that has been duly enacted and not constitutionally infirm.

Since a real problem does exist in filling the vacancies in question, and since it is imperative that the borough be able to function and govern itself pending the election and seating of council members, an acceptable approach to the problem would be to construe the 1978 Act in a manner which permits the filling of any of the vacancies in question. In this regard, as previously indicated, the main difficulty arises from the inability of the borough to have a vacancy board chairman to petition the court to fill a vacancy prior to January of 1980. It it doubtful that the legislature intended such an inordinate delay in implementing the vacancy filling procedures of the 1978 Act. Accordingly, a reasonable construction of that act would permit the appointment of a chairman prior to January of 1980 in order to effectuate the purposes of the statute. This latitude would apply only to the time period prior to January of 1980, and thereafter council would be required to designate a vacancy board chairman at each organizational meeting.

Some concern has been expressed that the four remaining members of council do not constitute a

quorum and that they would be unable to take any action including the appointment of a vacancy board chairman. For purposes of the present proceeding, the court does not accept that proposition. 53 P.S. §46001, as amended, provides in part: "The president, and during his absence or incapacity the vice-president, shall preside over the meetings of council and perform such other duties as are prescribed by this act or by ordinance. A majority of the membership of council *then in office* shall constitute a quorum." (Emphasis supplied.)

The language "then in office" clearly excludes defining a quorum by reference to the number of authorized offices rather than by reference to the number of occupied offices. Thus, if there are four members of council, a majority of three can act on behalf of council, and with leave of court can fill the position of chairman of the vacancy board who in turn will have legal status to petition the court for the filling of vacancies on council.

In summary, petitioner's request to be appointed to council under the provisions of section 45901 as it existed prior to August 15, 1978, will be denied. Instead borough council as it now exists will be given leave of court to appoint a chairman of the vacancy board within a reasonable amount of time, who in turn can take appropriate steps to deal with the vacancy problems on council. The rejection of Mr. Gianoplos' petition is no reflection upon him personally or upon his qualifications to serve on council, but rather it is dictated solely by legal considerations which prevent his appointment under the procedure used. It would appear that he has the requisite qualifications for the office which he should present to the vacancy board chairman.

## ORDER

And now, July 26, 1979, based upon the foregoing memorandum, it is hereby ordered that the within petition be dismissed and the requested relief be denied, and it is further ordered that the Borough Council of Renovo be given leave of court to appoint a chairman of the vacancy board pursuant to the Act of June 15, 1978, P.L. 473, sec. 2, 53 P.S. §45901.